T.C. Summary Opinion 2002-52

UNITED STATES TAX COURT

DANIEL R. AND MARGARET J. KALLMYER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4862-00S.                Filed May 9, 2002.

Daniel R. Kallmyer, pro se.

Stephen J. Neubeck, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioners' 1996
Federal income tax of $4,287.  The issues are (1) whether

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

respondent was barred from issuing the notice of deficiency for the additional tax imposed by section 72(t); (2) whether respondent had conceded the additional tax under section 72(t) in a settlement prior to the issuance of the notice of deficiency; and (3) whether petitioners are liable for the additional tax under section 72(t) for distributions from individual retirement accounts (IRA) owned by petitioner Daniel R. Kallmyer (petitioner).  Petitioners resided in Maineville, Ohio, at the time the petition was filed.

## Background

The applicable facts may be summarized as follows.[2]  Prior to the distributions at issue, respondent assessed petitioners for delinquent taxes and sought to collect the amount due. According to petitioner, a revenue officer threatened to levy petitioner's retirement accounts at Vanguard Fiduciary Trust Co., Star Bank Cust. Analysts Invest. Trust, and T. Rowe Price Trust Co.  During 1996, petitioner caused the trustees of these accounts to make distributions of $42,870 from the accounts to petitioner.

These distributions were deposited into petitioners' checking account and commingled with other funds.  Petitioners paid $15,000 to satisfy the previously assessed tax liability.

---

[2]  The facts are not in dispute, and the issues are primarily ones of law.  Sec. 7491, concerning burden of proof, has no bearing on the issues at hand.

Petitioner alleges that he used $19,000 from the distributions to pay the taxes resulting from the IRA distributions and the balance of the funds was used to finance petitioner's business activities.  Petitioners did not report the $42,870 distributions on their joint 1996 Federal income tax return.

On February 24, 1999, respondent issued a notice of deficiency to petitioners asserting that the $42,870 was includable in petitioners' gross income for 1996, and determined a deficiency of $13,839 plus an addition to tax and penalties. The deficiency included the additional tax of $4,287 under section 72(t) that is at issue here.  Petitioners did not file a petition with this Court.  Instead, petitioners contacted respondent in an attempt to negotiate a settlement of the deficiency.

By letter dated March 4, 1999, petitioners asserted that the distributions resulted from a threat of levy and that the additional tax under section 72(t) should not be imposed. Respondent mailed to petitioners a letter dated March 31, 1999, which proposed changes in petitioners' 1996 Federal income tax to include the $42,870 distributions in petitioners' gross income, and determined a delinquency penalty and interest but omitted the additional tax under section 72(t).  Petitioners disagreed with the proposed changes.  Petitioner testified, however, that he had contacted Mary Flanagan (Ms. Flanagan), an employee in

respondent's Philadelphia office, and that she assured him that respondent would "abate" the section 72(t) additional tax if petitioners immediately paid the deficiency shown in the March 31, 1999, letter. Petitioner was unaware of the extent of Ms. Flanagan's authority to compromise their tax liability, and petitioners never received any correspondence from Ms. Flanagan. On or about April 6, 1999, petitioners paid $11,818.

On February 9, 2000, respondent issued another notice of deficiency relating to petitioners' 1996 Federal income tax. The second notice, at issue here, asserted that petitioners' 1996 retirement account distributions were subject to the section 72(t) additional tax. Petitioners timely filed a petition contesting respondent's determination.

Petitioners contend (1) that the second notice is invalid; (2) that all matters relating to their 1996 taxable year were settled; and (3) that the IRA distributions are not subject to the section 72(t) additional tax.

### Discussion

1. <u>Validity of the Second Notice of Deficiency</u>

Section 6212(a) authorizes respondent to issue a notice of deficiency if there is a deficiency in respect to income taxes. Section 6212(c)(1) provides that respondent "shall have no right to determine any additional deficiency of income tax for the same taxable year * * * except in the case of fraud" if respondent has

mailed a notice of deficiency under section 6212(a) "and the taxpayer files a petition with the Tax Court within the time prescribed". Hemmings v. Commissioner, 104 T.C. 221, 226-228 (1995). In this case, petitioners did not file a petition with this Court challenging the February 24, 1999, notice of deficiency. Accordingly, respondent was not barred by section 6212(c)(1) from issuing another notice of deficiency as to petitioners' 1996 taxable year.

2. Whether There Was a Binding Settlement

Petitioners argue that respondent settled their tax dispute as to all matters relating to the 1996 taxable year when petitioners signed the letter of March 31, 1999. That letter provided for a response to respondent's proposed changes whereby petitioners could either agree or disagree with the proposed changes. On April 5, 1999, petitioners signed the form and checked the provision that stated:

> Disagreement With Proposed Changes - I disagree with some or all of the proposed changes on page 2 of this notice. For each proposed change that I disagree with, I have attached a signed statement and supporting documents explaining why.

There does not appear to have been any attached statement. On April 6, 1999, however, petitioners sent a check for $11,818, and by letter claimed a refund of $1,788 for interest.

We have held that

> A settlement is a contract and, consequently, general principles of contract law determine whether a settlement has been reached. * * * A prerequisite to the formation of a

> contract is an objective manifestation of mutual assent to its essential terms. * * * Mutual assent generally requires an offer and an acceptance. [Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997), affd. 208 F.3d 205 (3d Cir. 2000) (quoting Manko v. Commissioner, T.C. Memo. 1995-10).]

A party cannot accept certain provisions and reject other provisions of an offer. See Philadelphia & Reading Corp. v. Beck, 676 F.2d 1159, 1164 (7th Cir. 1982). It is quite clear here that, while there may have been an offer, petitioners did not accept that offer. Indeed, they specifically rejected it. Accordingly, there is no basis for petitioners' argument that the case had been settled and that respondent was, therefore, precluded from asserting the section 72(t) additional tax.[3]

Petitioners also suggest that respondent should be estopped from imposing the additional section 72(t) tax. The traditional elements of estoppel are: (1) A misrepresentation or omission of a material fact by another party; (2) a reasonable reliance on that misrepresentation or omission; and (3) a detriment to the other party. See United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987).

Assuming that Ms. Flanagan did in fact promise to "abate" the section 72(t) penalty, petitioners may not claim estoppel against respondent based on that promise. Even if petitioners

---

[3]  Respondent also argues that Ms. Flanagan had no authority to settle the matter, and that, if there was a settlement, a closing agreement under sec. 7121 was required. We see no reason in visiting these questions.

relied on that promise, they suffered no detriment that is legally cognizable. Petitioners did not surrender any rights. Petitioners paid the tax that was lawfully owing and did not change any position to their detriment.

3. Liability for Section 72(t) Additional Tax

Section 72(t) provides:

> (1) Imposition of additional tax.-- If any taxpayer receives any amount from a qualified retirement plan * * * the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides for exceptions to the additional tax, which petitioners concede are not applicable here.

Petitioners argue, however, that their case is analogous to Larotonda v. Commissioner, 89 T.C. 287 (1987), in which this Court held that where the Commissioner levied on the taxpayer's qualified retirement plan, the resulting distribution was not subject to the 10-percent premature distribution penalty imposed by then section 72(m)(5). We reasoned that the penalty provision was meant to discourage voluntary early withdrawals from qualified retirement plans and to discourage income averaging which could be achieved by deferring the timing of income until years with lower annual income amounts. Id. at 292. In deciding Larotonda we noted that "admittedly, this is a close question"; however, in light of the involuntary nature of the withdrawal and

the clear intent of Congress to prevent voluntary withdrawals, we decided that the penalty was inapplicable.  Id. at 291.

Petitioners' reliance on Larotonda v. Commissioner, supra, is misplaced.  Here, respondent did not levy on the retirement accounts.  Petitioners made voluntary withdrawals from the accounts and then satisfied their delinquent tax liability by paying $15,000 out of those withdrawals.  The excess withdrawals were used by petitioner for other purposes.[4]  We decline to extend the holding of Larotonda to circumstances such as here, where petitioners willingly made withdrawals from the retirement accounts and had actual possession of those distributions prior to using a portion of the distributions for the payment of the preexisting tax liability.  See Czepiel v. Commissioner, T.C. Memo. 1999-289; cf. Murillo v. Commissioner, T.C. Memo 1998-13 (distributions from retirement accounts forfeited held not subject to the section 72(t) additional tax), affd. without published opinion on other issues 166 F.3d 1201 (2d Cir. 1998).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

_____

[4]  Petitioner claims that $19,000 of the distributions was used to pay the tax incurred during the year from the distributions. The facts belie this assertion.  Petitioners did not even report the distributions.